Filed 3/4/13  In re J.O. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE J.O., a Person Coming Under the Juvenile Court Law. | H038484 (Santa Cruz County Super. Ct. No. J22099) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>J.O.,<br><br>        Defendant and Appellant. | |

Minor J.O. (J.O.) appeals from a judgment of the juvenile court.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues are raised.  On October 22, 2012, we notified J.O. of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered by this court.  That time has elapsed and J.O. has not submitted a letter or brief.  We have reviewed the entire record and find no arguable issues.  Accordingly, we affirm the juvenile court's jurisdictional and dispositional orders.

*Proceedings in the Juvenile Court*

The juvenile court continued J.O. as a ward of the court after sustaining an amended petition filed pursuant to Welfare and Institutions Code section 602.[1] The court found that J.O. had committed second degree robbery in violation of Penal Code section 211 (count one), and resisted arrest in violation of Penal Code section 148, subdivision (a)(1) (count two) as alleged in the petition. On June 19, 2012, the court removed J.O. from the custody of his parent and guardian. The court committed him to the probation department for placement in a ranch camp program under specified terms and conditions. The court set the maximum period of confinement at eight years, eight months.[2] The court awarded J.O. 95 days of predisposition custody credit. J.O. filed a timely notice of appeal.

The evidence at the contested jurisdiction hearing showed that on March 16, 2012, at approximately 7:30 p.m. Armando Reyes was walking to a local store when he felt as if someone was following him. When he turned around, J.O., who Reyes knew, told Reyes to give him his money or he would be stabbed; J.O. told Reyes he wanted $100. Reyes did not have that amount of money on him, but gave J.O. $20. Reyes testified that he was afraid he would be stabbed. Although Reyes did not see a knife, J.O. made a gesture, putting his hand into his pocket, which made Reyes fear there was a knife.

Watsonville Police Officer Santana investigated the aforementioned incident. Reyes told Officer Santana that J.O. was about two feet away from him when he demanded the money. Officer Santana described Reyes's demeanor as "scared."

---

[1] J.O. had been declared a ward of court back in 2011 when he was found to have committed a residential burglary (Pen. Code, § 459); and three misdemeanors, aggravated assault (Pen. Code, § 245, subd. (a)), active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)), and resisting or delaying an officer in the performance of his duty (Pen. Code, § 148, subd. (a)(1)).

[2] The court aggregated the terms of previously sustained petitions to arrive at this figure.

Subsequently, Watsonville Police Officers Davis, Figueroa, Banuelos, and Johnston, as well as Corporal Fulgoni went to J.O.'s house because of the alleged robbery. Since J.O. was on probation, they intended to conduct a probation search. As Officer Davis knocked on the front door, Officer Banuelos went to the back of the house. After J.O.'s mother opened the front door, Officer Davis heard over his radio Officer Banuelos saying that someone was coming through the back door.

Officer Banuelos watched J.O. walk out of the back door. After the two made eye contact, J.O. began to walk away from Officer Banuelos. Officer Banuelos told J.O. to stop, but J.O. continued to walk away. Officer Banuelos grabbed J.O.'s arm. In response, J.O. tensed his body and attempted to pull away from the officer. J.O. formed a fist with his right hand; it appeared to the officer as if J.O. was ready to fight or "throw a punch." Officer Banuelos told J.O. to calm down three or four times and to stop resisting five times. Eventually, J.O. was handcuffed and he stopped struggling.

We conclude that because of counsel's compliance with the *Wende* procedure and our review of the record, J.O. has received adequate and effective appellate review of the juvenile court's findings and orders entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 112–113.) The court's jurisdictional findings are supported by substantial evidence. Throughout all of the proceedings J.O. was represented by competent counsel.

*Disposition*

The juvenile court's jurisdiction and disposition orders are affirmed.


_____

ELIA, J.


WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.